UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES THEISLER, | ) | CASE NO. 1:08 CV 2094 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DONNA TEARE, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 2, 2008, *pro se* plaintiff Charles Theisler filed the above-captioned action under 42 U.S.C. § 1983 against Lake Erie Correctional Institution ("LECI") Medical Administrator Donna Teare, First Correctional Medical ("FCM"), FCM Employee Victor Goble, Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspector Hugh J. Daley, FCM Owner Tammy Kastre, FCM Employee Vicky Owen, and FCM Employee Robert Washnitzer. In the complaint, plaintiff alleges he was denied medical care in violation of the Eighth Amendment. He also asserts violations of Title II of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12132 and the Rehabilitation Act 29 U.S.C. § 794, as well as state law claims of negligence, medical malpractice and gross negligence. He seeks monetary damages.

### *Background*

Mr. Theisler was transferred to LECI on October 6, 2005.  He indicates that Nurse Teare interviewed him to obtain his medical history.  He states he informed her that one of his eyes lacked an optical lens and, as a result, he is legally blind in that eye unless he uses a specific soft contact lens.  Mr. Theisler contends that Nurse Teare told him his medical record contained no information concerning contact lenses, and asked him to sign a release permitting her to contact his optometrist.  Mr. Theisler indicated that he did not see an optometrist, but instead gave her the name and telephone number of his ophthalmologist.  He claims Ms. Teare did not contact his doctor.

Some time thereafter, Mr. Theisler requested that his wife be allowed to send contact lens cleaning solution and a lens case.  He claims his requests were denied.  He was told he could purchase cleaning solution from the prison commissary; however, upon attempting to make the purchase, he discovered that the commissary did not carry contact lens cleaning solution.  He further states that the medical department provided him with two plastic containers to use as a contact lens case.  Lacking cleaning solution in which to store his lens, Mr. Theisler continuously wore his contact lens for several weeks until his eye became too irritated to continue this practice.  Shortly after removal, his contact lens dried out and became unusable.  He contends he has not received a replacement lens.  He alleges that he sent messages to the medical department asking for assistance, but no action was taken.  He claims Nurse Teare failed to collect all of his medical records and did not schedule an appointment for him to see an ophthalmologist.

In addition to his claim concerning his vision, Mr. Theisler claims that he was denied other health care treatments.  He contends that he did not receive treatment for high blood pressure,

-2-

kidney stones, a shoulder injury, headaches, migraines, acid reflux, and pre-cancerous and cancerous skin lesions.  He alleges that his prescriptions for Imitrex and Inderal were discontinued. He claims the medical staff at FCM were negligent in providing appropriate treatment.

Finally, Mr. Theisler claims that the defendants have discriminated against him on the basis of his disability.  He states, without explanation, that he has been denied recreational activities and other programs offered to general population inmates.

### *History*

Mr. Theisler filed an action based on these same facts on December 8, 2007.  *See Theisler v. State of Ohio*, Case No. 1:07 CV 3838 (N.D. Ohio filed Dec. 18, 2007)(Gaughan, J.) In that action, he named the State of Ohio, the ODRC, ODRC Assistant Chief Inspector Hugh J. Dailey, Chief Inspector Gary Croft, FCM, Management Training Corporation, LECI Institutional Inspector Fisher, LECI Warden Gansheimer, and FCM Nurse Teare.  This complaint contained only an Eighth Amendment claim for deliberate indifference to serious medical needs.  The Court dismissed Mr. Theisler's claims against the State of Ohio, the ODRC, Hugh J. Daley, Gary Croft, FCM, Management and Training Corporation, Institutional Inspector "Fisher," and Warden Gansheimer.  The Court determined that the State of Ohio and the ODRC were immune from suit under the Eleventh Amendment.   The claims against Hugh J. Dailey, Gary Croft, FCM, Management Training Corporation, Inspector Fisher, and Warden Gansheimer were based solely on a theory of *respondeat superior* which did not support a claim for relief under 42 U.S.C. § 1983. All of those claims were dismissed with prejudice pursuant to 28 U.S.C. § 1915A.  The action was to proceed solely on Mr. Theisler's claim against Nurse Teare.  Mr. Theisler, however, failed to serve Nurse Teare with a copy of the complaint.  The claim against her was dismissed without

-3-

prejudice on May 7, 2008.

### *Analysis*

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss a claim *sua sponte* if it is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the reasons stated below, Mr. Theisler's claims against First Correctional Medical ("FCM"), FCM Employee Victor Goble, Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspector Hugh J. Daley, FCM Owner Tammy Kastre, FCM Employee Vicky Owen, and FCM Employee Robert Washnitzer are dismissed with prejudice. His claims against Donna Teare pertaining to medical conditions other than his contact lenses, the ADA, or the Rehabilitation Act are also dismissed with prejudice.

As an initial matter, Ohio's two year statute of limitations period for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The events surrounding his contact lens and cleaning solution occurred in October 2005. The statute of limitations was tolled for the period of time during which Mr. Theisler exhausted his administrative remedies. *Waters v. Evans*, No. 03-6576, 2004 WL 1763226 (6th Cir. Aug. 4, 2004); *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir.1999). He received the answer to his final grievance on January 27, 2006. His complaint therefore was required to be filed by January 27, 2008. He filed his original complaint in Case No. 1:07 CV 3838 on December 18, 2007, well within the statute of limitations period. By the time the claim against Nurse Teare was

-4-

dismissed without prejudice on May 7, 2008, however, the statute of limitations period had expired.

When an action is timely filed but subsequently dismissed for reasons other than the merits of the claims and the statute of limitation period expired during the action, the Ohio Savings Statute operates to allow the plaintiff to refile the action within one year after the date of dismissal. *See* Ohio Rev. Code § 2305.19. The United States Court of Appeals for the Sixth Circuit has applied the savings statute to 42 U.S.C. § 1983 claims. *Harris v. United States*, 522 F.3d 322, 331 (6th Cir. 2005). The savings clause therefore preserves Mr. Theisler's Eighth Amendment claim against Ms. Teare concerning his contact lens and cleaning solution.

The savings statute does not apply to claims dismissed on the merits. *Griffin v. City of Columbus,* No. 00-3191, 2001 WL 505961 (6th Cir. May 2, 2001); *Lemley v. City of Cleveland*, No. 1:06 CV 1998, 2008 WL 1775252 (N.D. Ohio April 15, 2008). In the previous action, Case No. 1:07 CV 3838, Mr. Theisler's claims against ODRC Assistant Chief Inspector Hugh Daley and FCM were dismissed with prejudice pursuant to 28 U.S.C. § 1915A. A dismissal under § 1915A constitutes a dismissal on the merits. The statute of limitations period is not tolled for these claims.

Moreover, even if the statute of limitations period had not expired, he could not proceed with the claims against Mr. Daley and FCM. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.

-5-

*Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981).  A subsequent action will therefore be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Both of these requirements are met in this case.  The claims against FCM and Mr. Daley are barred by the doctrine of *res judicata*.

In addition, the Ohio savings statute applies only if the original action and the subsequent action are substantially the same.  *Day v. NLO, Inc.*, 798 F. Supp. 1322, 1328 (S.D. Ohio 1992), citing *Children's Hospital v. Ohio Dept. of Public Welfare*, 69 Ohio St. 2d 523, 525 (1982).  Where the defendants in the new action are different from those in the original action, the actions are not substantially the same and the savings statute does not apply.  *Id*.  Victor Goble, Tammy Kastre, Vikki Owen, and Robert Washnitzer were not named as defendants in the original action.  The claims against them are asserted for the first time in this case.  To the extent that these claims concern the events which took place in 2005, they are filed  well beyond the expiration of the statute of limitations period.  To the extent that the claims concern events unrelated to Mr. Theisler's contact lenses and cleaning solution, they are without merit.

Mr. Theisler includes a number of new claims but fails to allege any facts to support them. He states, without explanation, that the defendants were deliberately indifferent to his serious medical needs by failing to provide proper treatment for high blood pressure, kidney stones, a shoulder injury, headaches, migraines, acid reflux, and pre-cancerous and cancerous skin lesions. There are no factual allegations pertaining to this legal assertion.  Similarly, he claims that the defendants failed to provide him an opportunity to participate in "programs services and activities" in violation of the ADA and the Rehabilitation Act.  (Compl. at 8.)  He does not provide factual allegations to support this conclusion.  Legal conclusions alone are not sufficient to present a valid

claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also, Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Furthermore, because Mr. Theisler did not allege facts in his complaint to support these claims, he also failed to allege how each of the named defendants participated in the conduct giving rise to the claim. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate the defendants to the plaintiff's claims pertaining to medical conditions other than his contact lenses, the ADA, or the Rehabilitation Act.

### Conclusion

Accordingly, plaintiff's claims against First Correctional Medical ("FCM"), FCM Employee Victor Goble, Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspector Hugh J. Daley, FCM Owner Tammy Kastre, FCM Employee Vicky Owen, and FCM Employee Robert Washnitzer are dismissed with prejudice. His claims against Donna Teare under the ADA and the Rehabilitation Act, the Eighth Amendment for medical conditions other than his vision, and his state law claims are also dismissed with prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] This case shall proceed solely on the plaintiff's Eighth Amendment claim against Ms. Teare

---

[1] 28 U.S.C. § 1915(a)(3) provides:

which pertains to denial of contact lenses and cleaning solution.

        IT IS SO ORDERED.


                /s/ Patricia A.Gaughan
                PATRICIA A. GAUGHAN
                UNITED STATES DISTRICT JUDGE

Dated: 10/14/08

---

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.